IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                    Plaintiff,

   v.

LIEUTENANT MARCHEZKI, CAPTAIN HINTON,
SERGEANT CRAFT, C.O. JACKSON, C.O. BATZ,
and C.O. DOE,

                    Defendants.

OPINION and ORDER

20-cv-1031-jdp

---

Pro se plaintiff Brandon D. Bradley, Sr., a transgender inmate who is also known as Brittney Bradley, is currently incarcerated at Green Bay Correctional Institution. In November 2020, while Bradley was at Columbia Correctional Institution, she filed this lawsuit; I granted her leave to proceed on claims against defendant prison officials for making her walk down the hall with no shirt on and for placing her in a cold cell without adequate bedding or clothing. *See* Dkt. 11.

Defendants have filed a motion to dismiss the case to sanction Bradley for failing to alert this court that she had "struck out" under 28 U.S.C. § 1915(g) by the time she filed her complaint in this case. Dkt. 33. I have previously stated that Bradley received her third strike under § 1915(g) in December 2020, after this lawsuit was filed. *See Bradley v. Weber*, No. 21-cv-321-jdp, Dkt. 16 (W.D. Wis. July 30, 2021) (reciting Bradley's strikes in *Bradley v. Drumm*, No. 20-C-709, 2020 WL 4091428 (E.D. Wis. July 20, 2020); *Bradley v. Mahoney*, No. 20-cv-51-jdp, 2020 WL 5709236 (W.D. Wis. Sept. 24, 2020); and *Bradley v. Novak*, No. 20-cv-328-jdp, 2020 WL 7360250 (W.D. Wis. Dec. 15, 2020). Defendants note that Bradley received a strike not previously reflected in this court's records: in May 2020, the

United States District Court for the Eastern District of Wisconsin dismissed a case brought by Bradley for her failure to state a claim upon which relief could be granted and stated that a strike would be assessed against her. *Bradley v. Giebel*, No. 20-C-588 (E.D. Wis. May 27, 2020). This means that Bradley received her third strike in September 2020, before she filed this case.

Defendants initially argue that the court should sanction Bradley's failure to report her three-strike status by dismissing the case. Dkt. 33, at 2 (citing *Conner v. Adams*, 834 F. App'x 266 (7th Cir. 2021) (dismissing appeal as sanction for failing to disclose three-strike status, in turn citing *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (same)).[1] Alternatively they ask that the court apply the imminent-danger standard to Bradley's complaint. Bradley responds that she did notify the court of her three-strike status: at the outset of the case, she filed a document titled "Declaration of Indigency/Imminent Danger" stating that she "is housed in the same institution where he/she was sexually assaulted" and that she "presents sufficient evidence to pass 3 strike provision." Dkt. 5. She also contends that a judge in the Eastern District gave her two strikes "in bad faith" as part of a conspiracy with jail and prison officials against her, and she asks that the court not rule on the question whether her claims meet the imminent-danger requirement until it screens her proposed amended complaint, Dkt. 13. In their reply, defendants do not formally withdraw their request for dismissal but they note that they did not review Bradley's "Declaration of Indigency/Imminent Danger" before filing their motion due to its inadvertent omission from their internal file. They instead focus on having the court apply the imminent-danger standard to Bradley's complaint.

---

[1] Defendants have filed a motion for leave to file a late reply brief. Dkt. 40. But at Bradley's request, the court had already extended the briefing schedule. *See* Dkt. 36. Defendants submitted their reply before their amended deadline, so their motion will be denied as moot.

Bradley's allegations of a conspiracy against her are unfounded and my review of the Eastern District strikes against her show that they are legitimate. But given Bradley's statement to this court that she was subject to the three-strike rules, there isn't any reason to think that she was trying to deceive the court about her strikes. So I will deny defendants' motion to dismiss the case as a sanction.

Nonetheless, defendants are correct that Bradley struck out before she filed this lawsuit, so I will grant their request to consider her allegations under § 1915(g), which states that an incarcerated plaintiff may not bring a case in forma pauperis unless she alleges that she is in imminent danger of serious physical injury. Bradley's allegations are about a series of incidents occurring in June 2020, five months before she filed her complaint. Her statement that she "is housed in the same institution where he/she was sexually assaulted" is irrelevant to the imminent-danger analysis because in neither her original complaint nor her proposed complaint does she bring claims about being sexually assaulted or being in danger of future assaults. I conclude that she fails to state allegations showing that she was in imminent danger of serious physical harm at the time she filed her original complaint, so she may not proceed in forma pauperis with her claims.

Because I have revoked Bradley's in forma pauperis status, the only way that she may proceed with this case is by paying the full $402 filing fee. I will give her a short time to do so. If she fails to pay this fee I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Defendants' motion to file a late reply brief in support of their motion to dismiss, Dkt. 40, is DENIED as moot.

3

2. Defendants' motion to dismiss the case as a sanction against plaintiff Brandon D. Bradley, Sr., Dkt. 33, is DENIED.

3. Defendants' motion to review plaintiff's complaint under 28 U.S.C. § 1915(g), Dkt. 33, is GRANTED.

4. Plaintiff's in forma pauperis status is REVOKED.

5. Plaintiff may have until February 2, 2022, to submit the $402 filing fee or this case will be dismissed.

Entered January 12, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge